Curia, per
Donkin, Ch.
At the hearing of this cause, it was understood to be the object of the parties* to test the validity of the bond, as in a controversy with creditors ; and for this purpose a statement of the debts and assets was submitted, to shew the insolvency of the intestate^ estate. It is thought proper to say thus much, as it might otherwise be vvell doubted whether the legal representative of the party would be permitted to make the question, which has alone been submitted for the judgment of the court. If the bond be regarded as voluntary, or if, taken in connection with the letter to the Justice, in which it was enveloped, the papers be regarded as testamentary, it is scarcely necessary to say that it cannot stand against the' claims of the creditors. If founded tín a valuable consideration, it is on the consideration of marriage. The court agree with the Chancellor that this is a marriage contract. If the terms of the Act of Assembly were less clear and imperative, there might be weight in the argument, that a contract of this character was not intended to be embraced in its provisions. But it seems to the court, that the language is too coihprehensive to' leave room for conjecture as to the probable intention, or permit the application of rules which are provided to aid the judgment in cases of doubtful construction. The" appeal is dismissed.
Harper, Johnson and Johnston, Ch., concurred.